Betty Chen (SBN 290588)
FISH & RICHARDSON P.C.
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 533-4240
Fax: 650-839-5071
Email: bchen@fr.com

Jason W. Wolff (SBN 215819)
wolff@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Fax: 858-678-5099

*Counsel for Plaintiff, Microsoft
Corporation [Additional Counsel
Listed on Signature Block]*

Kalpana Srinivasan (SBN 237460)
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
T: (310) 789-3100 / F: (310) 789-3150

Meng Xi (SBN 280099)
mxi@susmangodfrey.com
Thomas V. DelRosario (SBN 236264)
tdelrosario@susmangodfrey.com
Justin Kenney (*pro hac vice*)
jkenney@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
T: (713) 651-9366/F: (713) 654-6666

*Counsel for Defendant and
Counterclaimant, MediaPointe, Inc.
and Defendant AMHC, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEDIAPOINTE, INC., AMHC, INC.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01009-MCS-MRW<br><br>**STIPULATED PROTECTIVE ORDER** |
| MEDIAPOINTE, INC.<br><br>　　　　Counterclaimant,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>　　　　Counterclaim-Defendant. | |

WHEREAS, Plaintiff Microsoft Corporation ("Microsoft") and Defendants MediaPointe, Inc. and AMHC, Inc. (collectively "MediaPointe") (Plaintiff and Defendants each a "Party," and collectively, the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other

things, confidential source code, confidential technical documentation and information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  Any information designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA" by any party, as discussed below, will be deemed "information previously designated as

confidential" within the meaning of Local Rule 79-5 unless the Court rules otherwise.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not — without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Producing Confidential Information (defined in Section 2.3 below) imposes a substantial burden and a risk of disclosure of trade secrets. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G).   Therefore, the Parties shall limit their discovery requests for Confidential Information to no more than is reasonably necessary to prosecute or defend against the specific claims alleged in this Action.  The Parties agree that, consistent with Federal Rule of Civil Procedure 34, all requests for Confidential Information will describe the requested discovery material with reasonable particularity.  The parties agree to meet and confer in good faith to narrow the scope of requested discovery of Confidential Information to what is reasonably necessary to prosecute or defend against the specific claims alleged in this Action.

The parties shall only include Protected Material (defined in Section 2.14 below) in filings with the Court to the extent that it is reasonably necessary for the Court to decide a disputed issue, including by filing only the relevant excerpts of documents designated as Protected Material.  *See* L.R. 79-5.2.2.  If a Party files excessive Protected Material of another Designating Party that is not reasonably necessary for the Court to decide a disputed issue, the Designating Party reserves all rights to seek relief, including to petition the clerk of court to remove or return any unnecessarily filed Protected Material or to move the Court to strike such unnecessarily filed Protected Material.

2.   DEFINITIONS

2.1.   Action: this pending federal lawsuit.

2.2.   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "<u>CONFIDENTIAL</u>" <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.  "CONFIDENTIAL" information includes information designated with a more restrictive category, including "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA."

2.4.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA."

2.6.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>2.7</u>.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including support staff.  Both experts, and any of their support staff who actively review any materials marked RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" for the purpose of helping that expert form an opinion in this case, are subject to the requirements of Section 7.2(c) below.

2.8.    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10.  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11.  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA."

2.15.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, rather than this Order. Subject to any challenges under Section 6, below, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

4.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA"   (hereinafter "Designating Legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "RESTRICTED - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing

Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix Designating Legends to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions or hearings, that the Designating Party, at the deposition or hearing or within ten (10) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA" pursuant to this Order, by affixing a Designating Legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 10-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED - ATTORNEYS' EYES ONLY.

(c)   for electronic files and documents produced in native electronic format, that the Producing Party append, at a minimum, the legend "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA" (hereinafter "Designating Legend") to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE

CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

(d)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially reveals computer source code[1] and/or live data (that is, data as it exists residing in a database or databases), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" ("Source Code Material"), or to the extent such Protected Material includes any information that a producing Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or

---

[1] "Source code" means computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes software, source code, executable code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

other privacy obligations, the producing Party may designate such Protected Material as "PRIVACY DATA".

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

    6.3.    Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

    6.4.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and may not use Protected Material for any other purpose whatsoever, including, without limitation, any other litigation, patent prosecution or acquisition, patent reexamination, inter parties review, or reissue proceedings, or any business or competitive purpose or function.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and

Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Outside Counsel or Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that (1) before access to an Expert is given, the Expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae[2] of the Expert at least seven (7) days before

---

[2] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and

access to the Protected Material is to be given to that Expert.  The Designating Party may, within the seven (7) days, notify the receiving Party in writing that it objects to disclosure of Protected Material to the Expert, and state its reasons for objection. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within three (3) days of a meet and confer at which the parties agree that they are at an impasse, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.   The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

        (d)    the court and its personnel;

        (e)    court reporters and their staff;

        (f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

---

location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

(h)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Sections 7.2(a) and (c-h), above, and up to one House Counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action, but who exercises no competitive decision-making authority on behalf of either Party.

7.4.   For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.  The stand-alone computer(s) may be connected to a printer.  The stand-alone computer(s) must be part of a setup including an external monitor, keyboard, mouse, table or desk, and chair.  And each stand-alone computer shall have at least the following software or equivalent loaded and available at the time of source code review: (1) Linux/Ubuntu (including functionality for regex, libreoffice, vim, python, a pdf reader, and the ability to print to PDF), (2) Visual Studio Code or Eclipse with C, C++, and Java, and (3) build-essential.  The stand-alone computer(s) may only be located within the United States at the offices of the producing Party's outside counsel.  The stand-alone computer(s) shall have disk encryption and be password protected.  Except as otherwise provided, use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device

15

that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must attest that they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically physically "check in" on the receiving Party's representatives during any stand-alone computer review and may intermittently (i.e., not continuously) visually monitor the activities of the receiving Party's representatives by knocking on the door to or from outside the room in which the stand alone computer(s) is located to ensure that no unauthorized copying of the Source Code Material is being made or transmitted. The producing Party may not monitor by way of video or recording devices or record (visually, audibly or by other means) the activities of the receiving Party's representatives;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)    Access to Source Code Material shall be limited to Outside Counsel of Record and up to three (3) Experts per party[3] (not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to 7.2(c) above.

(f)    To the extent portions of Source Code Material are quoted in an electronic document or image of a document which must be filed or served ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)    Except as set forth in this and the preceding paragraph, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party.  The receiving Party may create documents with an electronic copy or image of limited excerpts of Source Code Material ("Source Code Documents") only to the extent necessary to create Source Code Documents, or any drafts of these documents[4].  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  Any electronic transmission of a file containing a selected portion of the Source Code Material must be encrypted using one of the following software:

---

[3] Herein, MediaPointe, Inc. and AMHC, Inc. are a single party.

[4] Drafts of a Source Code Document shall only include those excerpts the Receiving Party believes will be included in the final version of the Source Code Document.

BitLocker, FileVault, LUKS, or VeraCrypt. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.  Additionally, all electronic copies of Source Code Documents must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders;

(h)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The producing Party shall print for the Receiving Party no more than three (3) sets of Source Code Material and no more than 50 consecutive pages, for an aggregate total of no more than 1000 pages, during the duration of the case.  The Receiving Party may file a motion for leave to print a limited number of additional pages above an aggregate total of 1000 pages upon a showing of good cause.  The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 7.4(a) in the first instance.  Within three (3) business days or such additional time as reasonably necessary due to the volume of pages requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  Even if within the limits described, the producing Party may, upon a showing of good cause, challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably

necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Section 6, above, whereby the producing Party is the "Challenging Party" for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court;

(i)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts to a Court proceeding or deposition);

(j)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of Outside Counsel of Record authorized under Section 7.4(e) above to another person authorized under Section 7.4(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Any Source Code Material that is stored electronically must be kept in a secured container (e.g., Bitlocker or equivalent) and must be further password protected. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code material with the Court. Notwithstanding anything else in this Protective Order, the Parties may make

electronic copies, and send by electronic mail, copies of Source Code Documents, and any notes taken during Source Code review pursuant to Section 7.4(k), below, as part of their preparation of draft pleadings and/or expert reports in this case, provided that any such documents sent by electronic mail are sent in a password-protected file using 256-bit or higher encryption, with the password sent via separate electronic mail;

(k)    The Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but may not copy the Source Code into such notes.  To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the standalone computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current, widely used word processing program in the Source Code review room for the Receiving Party's use in taking such notes.  The "note-taking computer" shall be used for the sole purpose of note-taking and shall be retained by the Producing Party.  Such notes shall be downloaded to a removable disk or drive for the Receiving Party (but not the Producing Party) to retain, and the computer cleared of such notes.  The laptop computer shall have no features which would hinder the complete clearing of the Receiving Party's notes after such notes have been downloaded.  Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names.  No copies of any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall

be made or stored on the inspection computer or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery.  Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."  The log of such notes need not be produced to any other party absent Court Order (*e.g.*, potentially in connection with a Protective Order violation motion);

(l)    A list of names of persons who will review Source Code Material on the standalone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide three (3) business days' notice to schedule the initial inspection with the producing Party.  The receiving Party shall provide reasonable advance notice of any additional inspections.  Such notice shall include the names for every individual from the receiving Party who will attend the inspection.  The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m)    The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(n)    At the Producing Party's request, all copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no

longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production number(s).

7.5.    For Protected Material designated PRIVACY DATA, the following additional restrictions apply:

(a)    "PRIVACY DATA": refers to any information that a producing Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations.  This provision may not be arbitrarily applied, and is meant as means to designate and secure support data, where available, that is believed to be subject to Data Protection Laws if the receiving party requests to inspect or challenge anonymized summary data.  The parties must promptly meet and confer to resolve any disputes regarding a PRIVACY DATA designation. Privacy Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information);  Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"); and the German Federal Data Protection Act ("BDSG").

(b)    PRIVACY DATA must be treated with the same provisions as Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE.

(c)    To the extent practical, PRIVACY DATA included in documents, information, or material must be redacted so that the documents,

information, or material can be produced in the ordinary course.  For these redacted documents, information, or materials, the receiving party may request that unredacted versions be produced on the source code computer in accordance with Section 7.4 above.

(d)    If such redactions are not practical to make (e.g., the PRIVACY DATA is clustered in log files or batch files), then the documents, information, or material containing the PRIVACY DATA may be produced on the source code computer in accordance with Section 7.4 above.

7.6.    Absent written consent from the designating Party, any person associated or affiliated with the Parties and permitted to receive each Party's Protected Material, who reviews, or otherwise learns, in whole or in part, each Party's Protected Material marked RESTRICTED - ATTORNEYS' EYES ONLY or RESTRICTED - CONFIDENTIAL SOURCE CODE under this Order shall not prepare, prosecute, supervise, participate in, or assist in the preparation or prosecution of any U.S., foreign, or international patent application pertaining to (a) content delivery networks (CDNs), (b) any Microsoft products, services, or systems accused by MediaPointe in this Action, (c) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") or (d) any patent application related to the subject matter of any Protected Material marked RESTRICTED - ATTORNEYS' EYES ONLY or RESTRICTED - CONFIDENTIAL SOURCE CODE, during the pendency of this Action and for (2) years after its conclusion, including any appeals.  For purposes of this paragraph, "prosecution" includes any activity related to the competitive business decisions involving (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise

affecting the scope or maintenance of patent claims.[5]  However, these prohibitions shall not preclude each Party's outside counsel or Expert from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided that each Party's outside counsel or Expert do not participate in any claim drafting or amendment of claims in such proceedings.

7.7.    Absent written consent from the designating Party, during the pendency of this Action and for (2) years after its conclusion, including any appeals, any person associated or affiliated with the Parties and permitted to receive each Party's Protected Material, who reviews, or otherwise learns, in whole or in part, another Party's Protected Material marked RESTRICTED - ATTORNEYS' EYES ONLY or RESTRICTED - CONFIDENTIAL SOURCE CODE under this Order shall not advise or decide on the purchase or acquisition of any third-party patent or patent application to assert against any Microsoft products, services, or systems (1) accused by MediaPointe in any counterclaims or infringement contentions in this Action, including Microsoft Azure CDN or any Microsoft content delivery networks, or (2) whose particular technical details, including design, structure, or functionality, are described in any Protected Material marked RESTRICTED – ATTORNEYS' EYES ONLY or RESTRICTED – CONFIDENTIAL SOURCE CODE.  Agreement to the acquisition bar shall not preclude any Party or person associated or affiliated with the Parties from seeking a subsequent modification upon a showing of good cause to modify the provision should new facts or information be discovered and the parties are unable to reach an agreement on a compromise following a meet and confer.

7.8.    Protected Material produced in this litigation may contain Export Controlled Information.

---

[5] Prosecution includes, for example, original prosecution, reissue, and reexamination proceedings.

(a)    "Export Controlled Information" refers to any information subject to applicable export control and economic sanctions laws and regulations, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"), and similar laws and regulations in other jurisdictions ("Export Control Laws").

(b)    The Producing Party will produce Protected Material to Receiving Parties within the United States, to the extent authorized by Export Control Laws.  Receiving Parties may not export, re-export, transfer, disclose, or release (collectively, "Export") any Export Controlled Information to any destination, person, entity, or end use without first obtaining approval from the U.S. government or as otherwise authorized by Export Control Laws.  Outside Counsel, Experts, or other individuals authorized to receive Export Controlled Information will not Export any Export Controlled Information to any foreign person except as permitted by Export Control Laws, and will not transport any Export Controlled Information outside of U.S. territory, without first obtaining approval from the U.S. government or as otherwise authorized by Export Control Laws.  Compliance with all Export Control Laws is the sole responsibility of the Receiving Party.

7.9.    No material designated RESTRICTED CONFIDENTIAL SOURCE CODE may leave the territorial boundaries of the United States.  Protected Material that is not designated RESTRICTED CONFIDENTIAL SOURCE CODE may be taken outside the United States if it is both reasonably necessary for a deposition taken in a foreign country and to the extent authorized by Export Control Laws.  Nothing in this provision shall prevent Outside Counsel or Experts from travelling outside the United States with their personal electronic devices, including laptops

and/or cellphones, or reviewing their electronic mail while traveling abroad, provided such activities comply with Export Control Laws. The restrictions contained within this subsection may be amended through the consent of the producing Party to the extent that such agreed to procedures comply with Export Control Laws.

7.10. Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to person(s) who are: (i) eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen or could be expected to see or receive such Protected Material, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to Protected Material. Subject to any challenge to a particular designation under Section 6, above, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate in good faith with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2         PROTECTED MATERIAL

3         When a Producing Party gives notice to Receiving Parties that certain

4   inadvertently produced material is subject to a claim of privilege or other protection,

5   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

6   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

7   may be established in an e-discovery order that provides for production without prior

8   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as

9   the parties reach an agreement on the effect of disclosure of a communication or

10  information covered by the attorney-client privilege or work product protection, the

11  parties may incorporate their agreement in the stipulated protective order submitted

12  to the court.  The parties hereby incorporate their agreements provided in their Joint

13  Report pursuant to Federal Rule of Civil Procedure 26.  *See* Dkt. 52.

14        The failure to designate documents, information or material in accordance

15  with this Order and the failure to object to a designation at a given time shall not

16  preclude the filing of a motion at a later date seeking to impose such designation or

17  challenging the propriety thereof.  The entry of this Order and/or the production of

18  documents, information and material hereunder shall in no way constitute a waiver

19  of any objection to the furnishing thereof, all such objections being hereby

20  preserved.

21        A designation of Protected Material (*i.e.*, as "CONFIDENTIAL,"

22  "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED

23  CONFIDENTIAL SOURCE CODE," or "PRIVACY DATA") may be made at any

24  time.  Inadvertent or unintentional production of documents, information or material

25  that has not been designated as Protected Material shall not be deemed a waiver in

26  whole or in part of a claim for confidential treatment.  Any party that inadvertently

27  or unintentionally produces Confidential Information without designating it as

28

Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably practicable after the producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

12.   <u>MISCELLANEOUS</u>

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>12.3</u>.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4.  Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance

of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

12.5.   The inadvertent production of Protected Material by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

12.6.   Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere inadvertent production of a privileged or work product protected document in this case as part of a production is not itself a waiver.  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately destroy or return such Protected Material or Discovery Material and all copies to the Producing Party.  The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents.

12.7.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of Protected Material.

12.8.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13.   The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Material produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

14.   FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 9, 2023          _/s/  Betty Chen_
                                 Betty Chen (SBN 290588)
                                 FISH & RICHARDSON P.C.
                                 633 West 5th Street, 26th Floor
                                 Los Angeles, CA 90071
                                 Telephone: (213) 533-4240
                                 Fax: 650-839-5071
                                 Email: bchen@fr.com

                                 Jason W. Wolff (SBN 215819)
                                 wolff@fr.com
                                 Elliot N. Scher (_pro hac vice_)
                                 scher@fr.com
                                 FISH & RICHARDSON P.C.
                                 12860 El Camino Real, Suite 400
                                 San Diego, CA 92130
                                 Telephone: (858) 678-5070
                                 Fax: 858-678-5099

                                 _Counsel for Plaintiff Microsoft_
                                 _Corporation_

Dated: February 9, 2023          */s/ Justin Kenney*

Kalpana Srinivasan
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Meng Xi
mxi@susmangodfrey.com
Thomas V. DelRosario
tdelrosario@susmangodfrey.com
Justin Kenney (*pro hac vice*)
jkenney@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Counsel for Defendant and
Counterclaimant, MediaPointe, Inc.
and Defendant AMHC, Inc*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:   February 9, 2023

   /s/ Michael R. Wilner
HON. MICHAEL R. WILNER
United States Magistrate Judge

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), the filer hereby attests that all other signatories to this document concur in the content of, and have authorized, this filing.

Dated: February 9, 2023

*/s/ Justin Kenney*
Justin C. Kenney
jkenney@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
T: (713) 651-9366
F: (713) 654-6666

*Counsel for Defendants*
*MediaPointe, Inc. and AMHC, Inc.*

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central District of

California on _____ in the case of *Microsoft Corporation v. MediaPointe, Inc. et al.*,

No. 2:22-cv-01009-MCS-MRW (C.D. Cal.).  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central

District of California for enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____